George **MAURO**, Appellant,

v.

**PACKARD MOTOR CAR COM-PANY, Inc.**

No. 11285.

United States Court of Appeals Third Circuit.

Argued June 11, 1954.

Decided Sept. 16, 1954.

Irving Mariash, New York City (Cornelius J. McCarthy, Plainfield, N. J., I. Maurice Wormser, New York City, on the brief), for plaintiff-appellant.

James D. Carpenter, Jersey City, N. J. (Carpenter, Gilmour & Dwyer, James P. Beggans, Austin B. Johnson, Jr., Jersey City, N. J., on the brief), for defendant-appellee.

Before BIGGS, Chief Judge, and MARIS and GOODRICH, Circuit Judges.

MARIS, Circuit Judge.

The plaintiff, George Mauro, a citizen of New Jersey, brought this suit against the defendant, Packard Motor Car Company, Inc., a Michigan corporation, in the Superior Court of New Jersey. The suit was subsequently removed to the United States District Court for the District of New Jersey. The parties waived a jury trial and, after a trial by the court, judgment was entered in favor of the defendant and against the plaintiff. From the judgment thus entered the plaintiff has appealed.

The plaintiff asserted two causes of action. The first was to recover for loss of profits sustained as a result of the defendant's alleged breach of contract. The second cause of action was for damages alleged to have been suffered as a result of improvements made by the plaintiff in his place of business and the purchase of a large stock of parts and accessories and the making of capital investments by him, all at the instance of the defendant. The plaintiff has not questioned in this court the judgment rendered against him on the second cause of action. We, therefore, need not consider that cause of action here. The transactions out of which the first cause of action arose are similar to those which were involved in the case of Packard Englewood Motors, Inc. v. Packard Motor Car Company, Inc., 3 Cir., 215 F.2d 503. In the district court the two cases were tried consecutively and they were so argued in this court.

The plaintiff in this case was a retail dealer engaged in the sale of Packard automobiles in Plainfield, New Jersey, under a dealer's sales agreement between it and the defendant, the latter being the manufacturer of Packard automobiles. The plaintiff participated in the same scrap cast iron program inaugurated by the defendant which was involved in the Packard Englewood Motors case and which is described in our opinion filed in that case. His shipments of scrap cast iron to the defendant were as follows: 44 tons on March 16, 1948, 44 tons on July 24, 1948, and 52 tons on July 26, 1948, a total of 140 tons. Pursuant to allotments made to him by the defendant the plaintiff ordered and received scrap bonus cars as follows: 6 in June, 10 in July, 5 in August, 5 in September, 10 in October, 12 in November and 11 in December, 1948, and 6 in January and 3 in February, 1949, a total of 68 cars. On August 25, 1949 the defendant offered to the plaintiff the remaining 72 scrap bonus cars to which he was entitled but he did not give the defendant purchase orders for them. The plaintiff's claim is for the profits he would have realized upon the sale of the 72 scrap bonus automobiles which were not allotted to him in 1948.

The questions presented by this appeal are similar to those involved and decided in the Packard Englewood Motors case and, therefore, need not be discussed here in detail. It is sufficient to state the effect of the agreements resulting from the three shipments of scrap cast iron by the plaintiff to the defendant as we construe them and upon the assumptions which we make, for purposes of illustration only, that the time required to manufacture deliverable cars from scrap iron was about six weeks and that the plaintiff did not consent to the modifications proposed by the defendant's letter of September 23, 1948.[1] Upon these assumptions it would appear that the defendant was obligated, under the three agreements considered together, to allot to the plaintiff 4 scrap bonus cars in April, 5 in May, 5 in June, 5 in July, 23 in August, 24 in September, 24 in October, 25 in November and 25 in December, 1948, all for delivery if ordered, in the following month.

1. These matters will, of course, be open for determination by the district court.

Since the construction placed upon the agreements by the district court differs substantially from ours the case must go back for a new trial. Upon remand the district court should afford the plaintiff an opportunity to amend his complaint to conform to the agreements as we have construed them.

The judgment of the district court will be reversed as to the plaintiff's first cause of action and that cause will be remanded for further proceedings not inconsistent with this opinion. The judgment will be affirmed as to the second cause of action.